UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RICHARD JOSEPH KING,

Petitioner,

v.

DAVID CRIST, Warden,

Respondent.

Civil No. 00-1170 (ADM/JGL)

**ORDER DIRECTING RESPONDENT TO SHOW CAUSE WHY HABEAS CORPUS SHOULD NOT BE GRANTED**

Petitioner has filed an application for writ of habeas corpus which challenges his state court conviction on charges of attempted first degree murder, burglary, kidnaping and assault. (Docket No. 1.) His habeas petition was accompanied by a "Motion For Appointment of Counsel." (Docket No. 3.)

Respondent will be directed to file a response to petitioner's habeas corpus application within thirty (30) days of the date of this order. Such response shall address the merits of petitioner's claims in light of relevant decisions of the United States Supreme Court and the United States Court of Appeals for the Eighth Circuit. The response shall include copies of all written materials from prior state court proceedings that are relevant to the issues raised in the application.

Petitioner's Motion For Appointment of Counsel will be DENIED. Indigent prisoners do not have a constitutional or statutory right to counsel in civil cases, including habeas corpus proceedings. Pennsylvania v. Finley, 481 U.S. 551, 556 (1987). Rather, the appointment of counsel in cases such as this one is a matter committed to the discretion of the trial court. McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982). Among the factors the court should consider in determining whether to appoint counsel are the factual complexity of the

MAY 1 2 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

case, the ability of the petitioner to present his claims, the complexity of the legal issues and whether both the petitioner and the court would benefit from representation by counsel for both parties. McCall, 114 F.3d at 756; Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

In this case, the Court finds that neither the facts nor the legal issues raised in the petition are so complex as to warrant appointment of counsel. It appears to the Court that Petitioner has the threshold ability to articulate his claims and to argue his positions. Indeed, his claims have already been fully presented in his petition and the accompanying "Memorandum To Instant Petition For Writ Of Habeas Corpus." (Docket No. 2.) The Court concludes that appointment of counsel would not substantially benefit the Court or Petitioner. The request for appointed counsel will therefore be denied.

Based on the foregoing, and all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED that:

1. Respondent shall file a written return to Petitioner's habeas corpus petition, consistent with the requirements of this order, within thirty (30) days after the date of this order; and

2. Petitioner's "Motion For Appointment of Counsel," (Docket No. 3), is DENIED.

Dated: May 12, 2000

JONATHAN LEBEDOFF
United States Magistrate Judge