**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Richard Joseph King,

Petitioner,

v.

David Crist,

Respondent.

**MEMORANDUM OPINION AND ORDER**
Civil No. 00-1170 ADM/FLN

---

Richard Joseph King, Petitioner, *pro se*.

Linda K. Jenny, Assistant County Attorney, Hennepin County, Minnesota, for Respondent.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Richard Joseph King's ("King") objections [Doc. No. 10] to the September 22, 2000 Report and Recommendation ("R&R") [Doc. No. 9] of Magistrate Judge Franklin L. Noel. Judge Noel recommends that King's petition for writ of habeas corpus under 28 U.S.C. § 2254 be denied and that this action be dismissed with prejudice. After the issuance of Judge Noel's R&R, King requested leave to amend his habeas petition to make new factual allegations. For the reasons set forth below, Judge Noel's recommendations are adopted and the leave to amend is denied.

## II. BACKGROUND

The factual background pertaining to this matter is clearly and thoroughly set forth in Judge Noel's R&R. Those facts are incorporated by reference for the purposes of King's present objections. King challenges his 1998 state court convictions for two counts of attempted first

FILED 11-29-00
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

degree murder, two counts of first degree burglary, four counts of kidnapping, one count of first degree assault and three counts of second degree assault. King has added factual assertions that were not presented to the state court or Judge Noel.

**III. DISCUSSION**

A district court must make an independent, de novo evaluation of those portions of an R&R to which objection is made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *See* 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.1(c)(2).

King objects to Judge Noel's R&R and requests leave to amend his petition for habeas corpus. After conducting a de novo review of the factual background and the applicable law, the Court determines that Judge Noel's analysis is correct in recommending dismissal of King's habeas claim of ineffective assistance of counsel. As set forth in the R&R, King fails to meet 28 U.S.C. § 2254's requirement that a petitioner show that the state court's adjudication of his claim was predicated upon an "unreasonable application" of clearly established federal law or was "based on an unreasonable determination of the facts in light of the evidence presented" for a federal court to entertain habeas review. 28 U.S.C. 2254(d)(1)&(2). Furthermore, King's conclusory allegations in his petition cannot sustain a valid habeas petition. *Wiggins v. Lockhart*, 825 F.2d 1237, 1238 (8th Cir. 1987). King's application for a writ of habeas corpus is denied.

In objecting to Judge Noel's R&R, King has now supplemented his petition with details of three specific instances of alleged errors committed by his attorneys in his state court trial. King seeks leave to amend his complaint to allege the specific errors made by his past counsel. King claims (1) that both his trial and appellate attorneys failed to use a technician's report to

impeach the prosecution's theory of the case; (2) that his attorneys did not use the police statement of Joyce Erling, grandmother of the victim, to impeach her at trial; and (3) that his attorneys did not use the police statement of the ten-year old son of the victim to impeach him at trial. These allegations of error were never argued in the state court review of his convictions. Originally, in his Supplemental Brief before the Minnesota Court of Appeals, King argued that he was denied effective counsel because (1) his trial counsel failed to adequately prepare for trial; (2) his trial counsel did not conduct adequate investigations, including the interviewing of relevant witnesses, specifically a witness by the name of "Tammi"; (3) his trial counsel failed to properly consider and establish his drug problem; and (4) his trial counsel failed to adequately advise him on a plea agreement.

Although King has now added specificity to his claim of ineffective assistance of counsel, this Court is barred from considering the three new allegations because they were not provided to the state court. The Eighth Circuit has made clear "that a habeas petitioner must have raised both the factual and legal bases for each ineffectiveness of counsel claim in the state courts in order to preserve the claim for federal review." *Flieger v. Delo*, 16 F.3d 878, 885 (8th Cir. 1994). Broadly stated ineffective assistance of counsel claims in state petitions do not suffice to allow a habeas petitioner to later present specific instances of ineffective assistance of counsel in the federal habeas corpus petition. *See Morris v. Dormire*, 217 F.3d 556, 559 (8th Cir. 2000); *Flieger*, 16 F.3d at 884-85; *Tippitt v. Lockhart*, 903 F.2d 552, 554 (8th Cir. 1990). In *Flieger v. Delo*, the Eighth Circuit recognized that a different rule "would undermine the ability of the state courts to review claims of ineffective assistance of counsel and force federal courts to review an endless variety of ineffectiveness claims that the state courts never had the opportunity to

consider." 16 F.3d at 885.

The three specific instances of ineffective assistance of counsel contained in King's objection to the R&R are facts not alleged in his claims before the state court. Therefore, this Court "cannot say the same facts and legal theories are present in both the state and federal claims for relief." *Tippitt*, 903 F.2d at 554. As a result, King has not properly preserved his claim for federal review as it pertains to these new allegations. *See Flieger*, 16 F.3d at 885. For these reasons, it would be futile to grant King leave to fortify his petition with the specific factual allegations not reviewed in state court.

As a result, King's request for leave to amend his petition is denied. Furthermore, in accordance with Judge Noel's R&R, King's petition is dismissed with prejudice.

## IV. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's Request to amend his Petition for Habeas Corpus is **DENIED**.
2. Petitioner's application for Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

[signature]

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: November 29, 2000