UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Richard Joseph King,

Petitioner,

v.

**ORDER**
Civil No. 00-1170 ADM/FLN

David Crist,

Respondent.

---

**INTRODUCTION**

In 1998, Petitioner was convicted in Minnesota state court for two counts of attempted first degree murder, two counts of first degree burglary, four counts of kidnaping, one count of first degree assault, and three counts of second degree assault. Petitioner was sentenced to 520 months in state prison. While affirming his various convictions, the Minnesota Court of Appeals summarized Petitioner's actions underlying the offenses for which he was convicted. *See State v. King*, No. C5-98-1518 (Minn.App. 1999), 1999 WL 63207 at *1 (unpublished opinion). However, the Minnesota Court of Appeals reduced Petitioner's aggregate sentence to 480 months. *Id.* The Minnesota Supreme Court denied Petitioner's request for review.

On May 8, 2000, Petitioner filed a petition for habeas corpus [Doc. No. 1], claiming a denial of effective assistance of counsel. In a Report and Recommendation ("R&R") dated September 25, 2000 [Doc. No. 9], Magistrate Judge Noel recommended that Petitioner's habeas corpus application be dismissed. After considering Petitioner's objections to Judge Noel's R&R, this Court adopted the R&R and dismissed the habeas corpus application with prejudice in a Memorandum Opinion and Order dated November 29, 2000 [Doc. No. 12].

On December 27, 2000, Petitioner filed a Notice of Appeal [Doc. No. 14] from the

FILED JAN 1 2 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Memorandum Opinion and Order [Doc. No. 12], accompanied by a Motion for Certificate of Appealability [Doc. No. 15], as required by 28 U.S.C. § 2253. For the reasons set forth below, Petitioner's request for a Certificate of Appealability is denied.

**DISCUSSION**

A state prisoner is not permitted to appeal a final order in a habeas corpus proceeding without first obtaining a Certificate of Appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A); Fed.R.App.P. 22(b)(1). Federal district courts cannot grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Tiedman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A COA will not be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. *Kramer v. Kemna*, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate"). Instead, the prisoner must satisfy a higher standard, showing that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir.), *cert. denied*, 513 U.S. 946 (1994); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998)). When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (*per curiam*).

Here, Petitioner asserts that a COA should be granted with respect to his claim of ineffective assistance of counsel. Specifically, Petitioner claims that trial counsel failed to adequately prepare for trial and failed to conduct adequate investigations into relevant witnesses

and Petitioner's mental state. *See* Motion for COA [Doc. 15].

If federal claims made in habeas corpus petitions have not been presented to the state courts, such claims are procedurally barred in federal court and must be dismissed. *Buckley v. Lockhart*, 892 F.2d 715, 718 (8th Cir. 1989), *cert. denied*, 497 U.S. 1006 (1990); *Johnson v. Norris*, 170 F.3d 816, 817 (8th Cir. 1999). The Eighth Circuit has made clear "that a habeas petitioner must have raised both the factual and legal bases for each ineffectiveness of counsel claim in the state courts in order to preserve the claim for federal review." *Flieger*, 16 F.3d at 885. "A habeas petitioner who asserts only broadly in his state petition for relief that his counsel has been ineffective has not immunized his federal habeas claim's specific variations from the effects of the state's procedural requirements." *Id.* Because Petitioner's ineffective assistance claim regarding counsel's failure to investigate Petitioner's mental state was not presented to the Minnesota Court of Appeals, such a claim is procedurally barred. *See id.* To the extent that Petitioner's argument that counsel did not adequately prepare for trial was not presented to the state appellate court, it also is barred.

Petitioner's ineffective assistance of counsel claims that are not procedurally barred fail because Petitioner cannot demonstrate that the issues to be raised on appeal are debatable among reasonable jurists or that different courts could resolve the issues differently. To establish that his trial counsel was constitutionally ineffective, a habeas petitioner must show that his counsel's performance was deficient and that he was prejudiced by this deficiency. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's representation was deficient if it "fell below an objective standard of reasonableness," and the petitioner was prejudiced by this deficiency if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different." *Id.* at 688. A trial counsel's representation is entitled to a strong presumption of reasonableness, and counsel's conduct must not be examined with the aid of hindsight lenses that bring into focus what the counsel's best course of action would have been. *Id.* at 689. Furthermore, a trial counsel's reasonable trial strategies cannot constitute ineffective assistance, even if unsuccessful. *Riley v. Wyrick*, 712 F.2d 382, 385 (8th Cir. 1983).

In his state court appeal, Petitioner argued that trial counsel failed to interview witnesses and investigate the incident. The Minnesota Court of Appeals properly applied the *Strickland* analysis to Petitioner's claims of ineffective assistance. *See King*, 1999 WL 639207, at *5. The factual findings of state appellate courts are presumed to be correct. *See* 28 U.S.C. 2254(d); *Sumner v. Mata*, 449 U.S. 539, 547 (1981). Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The issues raised by Petitioner are not debatable among reasonable jurists, different courts could not resolve the issues differently, and the issues do not deserve further proceedings. *See Flieger*, 16 F.3d at 882-83. Petitioner's request for a COA is denied.

## CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

Petitioner's Request for Certificate of Appealability is **DENIED**.

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: January 12, 2001