**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Richard Joseph King,

Petitioner,

v.

David Crist, Warden,

Respondent.

Civil No. 00-1170 (ADM/FLN)

**MEMORANDUM AND ORDER**

---

This matter is presently before the Court on Petitioner's application for leave to proceed in forma pauperis, ("IFP"), on appeal. (Docket Nos. 16 and 17.) Petitioner, a prisoner at the Minnesota Correctional Facility in Stillwater, Minnesota, is attempting to appeal the Court's denial of his petition for a writ of habeas corpus. (Order dated November 29, 2000, [Docket No. 12].)

A litigant who seeks to be excused from paying the $105 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. See also Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are

6 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

factually or legally frivolous. Id. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Petitioner's IFP application, (Docket No. 17), shows that his only source of income is a prison job that apparently pays only $35 every two weeks. The IFP application further shows that he has no assets other than the funds held in his prison trust account. Although the reported balance in Petitioner's trust account, ($477.39), appears to be quite a bit higher than that of most prisoners, the Court is satisfied that Petitioner is financially eligible for IFP status.

Furthermore, while the Court does not believe that Petitioner has any meritorious grounds for an appeal,[1] the Court is not prepared to say that Plaintiff's appeal is "frivolous," as that term has been defined by the Supreme Court. Plaintiff's appeal is therefore found to be taken in "good faith" for purposes 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3).

Accordingly, Plaintiff's IFP application will be granted.[2]

---

[1] The Court has already determined that Petitioner is not entitled to a certificate of appealability, as required by 28 U.S.C. § 2253(c), because he has not "made a substantial showing of the denial of a constitutional right." (Order dated January 12, 2001, [Docket No. 16].)

[2] The Court expressly rejects Petitioner's argument that the $105 filing fee for appeals does not apply to habeas corpus proceedings. It is true that the filing fee requirements established by the Prison Litigation Reform Act, ("PLRA") -- including the initial partial filing fee provisions of 28 U.S.C. § 1915(b)(1), and the installment payment provisions of § 1915(b)(2) -- are not applicable to habeas corpus proceedings. The cases cited in "Petitioner's Memorandum of Law," (Docket No. 19), support that proposition, but they do not support Petitioner's contention that habeas cases are somehow universally exempt from all appellate filing fee requirements. Petitioner is being excused from paying the $105 filing fee because the Court has found him to be qualified for IFP status -- not because the appellate filing fee requirements are wholly inapplicable to habeas corpus cases.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

Plaintiff's application to proceed in forma pauperis on appeal, (Docket Nos. 16 and 17), is GRANTED.

Dated: April 16, 2001

Ann D. Montgomery
United States District Court Judge